Filed: April 13, 2000

IN THE SUPREME COURT OF THE STATE OF OREGON

KEN HECTOR,

Petitioner,

v. 

HARDY MYERS,
Attorney General for the State of Oregon,

Respondent.

(SC S47302, S47303)

(Consolidated for Argument and Opinion)

En Banc

On petitions to review ballot titles.

Argued and submitted March 30, 2000.

Bruce A. Bishop, of Harrang Long Gary Rudnick PC, Salem,
argued the cause and filed the petitions for petitioner. With
him on the petitions was James E. Mountain, Jr., Salem.

Robert B. Rocklin, Assistant Attorney General, Salem, argued
the cause and filed the answering memoranda for respondent. With
him on the answering memoranda were Hardy Myers, Attorney
General, and Michael D. Reynolds, Solicitor General.

PER CURIAM

Ballot titles certified. This decision shall become
effective in accordance with ORAP 11.30(10).

PER CURIAM

These are two ballot title review proceedings brought
under ORS 250.085(2). The proceedings, which have been
consolidated for purposes of argument and opinion, concern the
Attorney General's certified ballot titles for two closely
related proposed initiative measures, denominated by the
Secretary of State as Initiative Petition 137 and 138 (2000). 
Petitioner is an elector who timely submitted written comments to
the Secretary of State concerning the content of the Attorney
General's draft ballot title for each measure and who therefore
is entitled to seek review in this court. See ORS 250.085(2)
(stating that requirement). We review the Attorney General's
certified ballot titles to determine whether they "substantially
compl[y]" with the requirements of ORS 250.035 (1997). (1) See ORS
250.085(5) (setting out standard of review).

We have considered each of petitioner's arguments
concerning the ballot titles certified by the Attorney General. 
We conclude that none establishes that the Attorney General's
certified ballot titles fail to comply substantially with the
standards for such ballot titles set out in ORS 250.035 (1997). 

We certify to the Secretary of State the following
ballot title for Initiative Petition 137:

CHANGES WORKERS' COMPENSATION LAWS ON COMPENSABILITY, EMPLOYERS' DEFENSES, MEDICAL CARE

RESULT OF "YES" VOTE: "Yes" vote changes some
workers' compensation laws about claim compensability,
employer defenses, treatment before acceptance.

RESULT OF "NO" VOTE: "No" vote retains current
workers' compensation laws about claim compensability,
employer defenses, treatment before acceptance.

SUMMARY: Currently, workers' compensation law
disallows benefits when off-work activities or
preexisting medical conditions are the "major
contributing cause" of a worker's injury or illness. 
Measure requires benefits for such injuries and
illnesses - and certain other claims - if work is a
"material cause." Changes definitions for compensable
permanent total disability claims. Permits employee
lawsuits for certain supervisory actions and workplace
conditions. Prohibits restrictions on medical
treatment before final claim acceptance. Modifies
"exclusive remedy" requirements for employers, workers. 
Indexes permanent partial disability benefits. Other
provisions.

We certify to the Secretary of State the following
ballot tittle for Initiative Petition 138:

CHANGES WORKERS' COMPENSATION LAWS ON COMPENSABILITY, MEDICAL CARE; OTHER CHANGES

RESULT OF "YES" VOTE: "Yes" vote changes some
workers' compensation laws about claim compensability,
medical treatment before claim acceptance.

RESULT OF "NO" VOTE: "No" vote retains current
workers' compensation laws about claim compensability,
medical treatment before claim acceptance.

SUMMARY: Currently, workers' compensation law
disallows benefits when off-work activities or
preexisting medical conditions are the "major
contributing cause" of a worker's injury or illness. 
Measure requires benefits for such injuries and
illnesses - and certain other claims - if work is a
"material cause." Changes definitions for compensable
permanent total disability claims. Prohibits
restrictions on medical treatment before final claim
acceptance. Indexes permanent partial disability
benefits. Other provisions.

Ballot titles certified. This decision shall become
effective in accordance with ORAP 11.30(10).

1. The 1999 Legislature amended ORS 250.035 in several
respects. Or Laws 1999, ch 793, § 1. However, section 3 of that
1999 enactment provides, in part:

"(1) The amendments to ORS 250.035 by section 1 of
this 1999 Act do not apply to any ballot title prepared
for:

"(a) Any initiative petition that, if filed with
the Secretary of State with the required number of
signatures of qualified electors, will be submitted to
the people at the general election held on the first
Tuesday after the first Monday in November 2000[.]"

The present proposed measures are ones to which the 1999 act does
not apply. We therefore apply the pertinent provisions of ORS
250.035 (1997).

Return to previous location.